```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MICHAEL SCHIAVONE, ET AL.,          :
                                    :
     Plaintiffs,                    :
                                    :
     v.                             :
                                    :   CASE NO. 3:08CV429(AWT)
NORTHEAST UTILITIES SERVICE         :
CO., ET AL.,                        :
                                    :
     Defendants.                    :
```

RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pending before the court is the defendants' Motion for a Protective Order (doc. #22). The plaintiffs served the defendants with a 30(b)(6) deposition notice. The defendants contend that the eight topics for deposition set forth in that notice are irrelevant, overbroad and unduly burdensome.

A. Background

This is a case brought under CERCLA, 42 U.S.C. §9601, *et seq.* The plaintiffs own certain property in North Haven, Connecticut which has required costly remediation and monitoring efforts as a result of contamination with hazardous substances, including PCBs. The plaintiffs purchased the property from a company called Kasden & Sons, Inc. ("Kasden"). The complaint alleges that, for some period of time between 1968 and 1978, the defendants arranged for the treatment or disposal of the defendants' used transformers at the Kasden property. The plaintiffs therefore seek to recover certain costs of remediation

1

from the defendants.

This is not the first round of litigation regarding contamination of the Kasden property.  The defendants in this case were also defendants in a previous, now closed lawsuit, <u>Joseph A. Schiavone Corp., et al. v. Philip Kasden, et al.</u>, docket #3:02CV1718(RNC) (the "prior litigation").  The parties have agreed that discovery conducted in that case will be treated as if it had been taken in this case.

Plaintiffs argue this discovery is necessary to meet a defense raised by defendants: if they have any liability at all, only minimal responsibility should be apportioned to them because of the relatively small number of transformers they sent to Kasden.  (Transcript of 10/16/08 Oral Argument, doc. #42 at 17.) The defendants insist that discovery in the prior litigation uncovered evidence that only 77 transformers were sent to Kasden, all during the year 1977.  On the other hand, plaintiffs point to prior discovery of invoices from 1973 and 1974, as well as references to a 1971 "open purchase order" and another "original order" from 1972.  They argue that these documents suggest that more transformers were sent to Kasden.

The plaintiffs served the 30(b)(6) notice at issue in an effort to probe further on these issues.  Among other things, the 30(b)(6) topics include the number of transformers the defendants had in service between 1968 and 1978, the names of the companies

that received used transformers upon their disposal, and how many each company received.

B.   Discussion

The defendants raise several general objections applicable to all the requests. The court discusses these general objections before turning to the specific requests at issue.

First, the defendants object to the 1968-1978 date range in the requests as overbroad and irrelevant, arguing that discovery has revealed that the defendants only sent transformers to Kasden in 1977. The plaintiffs respond that relevance should be determined based on the complaint, which alleges that the defendants sent PCB-containing transformers to Kasden for some period of time between 1968 and 1978. In light of the allegations of the complaint, the court finds that the January 1, 1968 to May 31, 1978 date range is tailored to discover relevant information.[1]

The defendants also argue that a ruling in the prior litigation precludes this discovery. The defendants have made no argument as to why a discovery ruling in a different litigation would bind the court in this case. Setting aside that question,

---

[1]Request #8 contains a different date range of January 1, 1968 to and including December 31, 1981. At oral argument, the plaintiff's attorney explained that the Kasden property operated as a scrapyard from 1968 to 1981. (Transcript at 40.) The court restricts that request to the dates set forth in the complaint absent a further relevance showing for later dates.

however, the court has reviewed the prior ruling and finds that it does not shed light on the current dispute. The ruling, submitted with the defendants' reply brief[2], doc. #27, is a May 2004 "Ruling on Plaintiffs' Motion to Compel." The plaintiffs had apparently sought to compel a written narrative in response to an interrogatory. The court ruled, in summary fashion, that "[r]esponsive documents are sufficient responses. No written narrative describing the documents produced in response is necessary." This ruling simply restates the discovery rule that a party may respond to interrogatories by referring to documents that have been produced, Fed. R. Civ. P. 33(d), and it cannot be read as precluding subsequent questioning of a 30(b)(6) witness about the production.[3]

The defendants next object that the requests are unduly burdensome. A party objecting to a discovery request on the

---

[2]Courts generally disregard arguments raised so late. See Playboy Enterprises, Inc. v. Dumas, 960 F. Supp. 710, 720 n. 7 (S.D.N.Y. 1997) ("[a]rguments made for the first time in a reply brief need not be considered by a court"); In re Dobbs, 227 Fed. Appx. 63, 64 (2d Cir. 2007) ("we think that it was entirely proper for the District Court to decline to consider [an] argument, raised for the first time in [the] reply brief").

[3]The defendants also mention a June 11, 2003 order from the prior litigation, which (though somewhat unclear taken out of context) they contend limited discovery in that case to information about transformers that went to the Kasden site rather than to other disposal sites. However, that ruling was made on, and limited to, "the present record." That record is no longer controlling- the court has a different and fuller record before it now.

4

grounds that the information sought is unduly burdensome must go beyond "the familiar litany that requests are burdensome, oppressive or overly broad" and submit affidavits or other evidence revealing the nature of the burden. Sokol v. Wyeth, Inc., 2008 U.S. Dist. LEXIS 60976 (S.D.N.Y. Aug. 4, 2008) (internal citation and quotation marks omitted).  This the defendants have not done, and their objection that the requests are overly burdensome is overruled.[4]  To the extent the defendants rely on cases such as Krasney v. Nationwide Mut. Ins. Co., No. 3:06CV1164(JBA), 2007 U.S. Dist. LEXIS 90876 (D. Conn. Dec. 11, 2007), which support the issuance of protective orders in cases involving unreasonably numerous, broad or open-ended 30(b)(6) notices, this case is distinguishable.  The plaintiffs' discovery request is not unreasonably broad or unfocused- it consists of just eight reasonably narrow topics spanning the relevant time period.

   The defendants also object to topics 1 through 7 on relevance grounds, arguing that the information the plaintiffs seek about transformers other than those sent to Kasden is irrelevant.  Plaintiffs explained at oral argument that the questions are designed to reveal information about the total

---

   [4]The court notes that, in one of the orders the defendants rely on from the prior litigation, the court specifically advised the defendants of these requirements for a showing of undue burden.  See docket #3:02CV1718(RNC), doc. #35.

5

number of transformers the defendants disposed of during that period, and where the transformers were sent for disposal.  The aim is to determine the share of the defendants' used transformers that were sent to Kasden, so as to develop reliable estimates of the number of the defendants' used transformers which actually ended up on the property.  The plaintiffs argue that they cannot be forced simply to accept the defendants' limited production about the number of transformers disposed of at the site.

To the extent that the requests are tailored to the kind of probing plaintiffs described at oral argument, they are "relevant to [a] party's claims or defense." Fed. R. Civ. P. 26(b).  The court turns to a review of each topic in turn.

**1.   The number of transformers disposed of by CL&P from January 1, 1968 to and including May 31, 1978.**

The court finds that this topic is relevant to the plaintiffs' stated goal of probing the share of defendants' transformers that were sent to the Kasden property versus other disposal sites.  The motion for protective order is denied as to this request.

**2.   The number of transformers sold by CL&P from January 1, 1968 to and including May 31, 1978.**

As currently drafted, the court is unable to determine how this request is tailored to the plaintiffs' goal of determining

6

Kasden's market share, as described above.  The plaintiffs may serve a reformulated request.

**3.    The number of transformers which CL&P had in service for each year from January 1, 1968 to and including December 31, 1978.**

The court finds that this topic, in combination with topic #4, is relevant to plaintiffs' efforts to determine the total number of transformers the defendants disposed of during the relevant time period.  The motion for protective order is denied as to this topic.

**4.    Retirement and disposal practices for transformers from January 1, 1968 to and including December 31, 1978.**

The court finds that this topic, in combination with topic #3, is relevant to plaintiffs' efforts to determine the total number of transformers the defendants disposed of during the relevant time period.  The motion for protective order is denied as to this topic.

**5.    The names of vendors or others who purchased scrap transformers from CL&P from January 1, 1968 to and including December 31, 1978.**

The court finds that this topic seeks relevant information.  The motion for protective order is denied as to this topic.

**6.    The number of transformers purchased by each vendor referred to in item number 5 from January 1, 1968 to and including**

**December 31, 1978.**

The court finds that this topic seeks relevant information. The motion for protective order is denied as to this topic.

**7.     The location of the CL&P accounting records for transformers consisting of any depreciation accounts and depreciation records for the period from January 1, 1968 to and including December 31, 1978.**

The plaintiffs argue that review of accounting records may shed light on the disposal of transformers. The plaintiffs only seek information about the *location* of these records. The motion for protective order is denied as to this topic.

**8.     The transactions between CL&P and H. Kasden and Sons, Inc. from January 1, 1968 to and including December 31, 1981.**

The motion for protective order is denied as to this topic, except that the date range is revised to January 1, 1968 to and including December 31, 1978. The plaintiff has not made a satisfactory showing as to the relevance of information beyond 1978.

C.  Conclusion

The defendants' Motion for Protective Order (doc. #22) is granted in part and denied in part as set forth herein. Any reformulated request as to topic #2 shall be served on or before April 10, 2009. The parties are urged to work together to resolve any remaining disputes in light of this ruling that the

information the plaintiff seeks about Kasden's share of disposed transformers is, broadly speaking, relevant.

SO ORDERED at Hartford, Connecticut this 25th day of March, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge