```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MICHAEL SCHIAVONE, ET AL.,          :
                                    :
     Plaintiffs,                    :
                                    :
     v.                             :
                                    :   CASE NO. 3:08CV429(AWT)
NORTHEAST UTILITIES SERVICE         :
CO., ET AL.,                        :
                                    :
     Defendants.                    :
```

                    RULING ON DISCOVERY MOTIONS

Pending before the court is the defendants' Motion to Compel (doc. #60) and a Motion to Quash filed by non-party Martin A. Gaffey (doc. #71). Oral argument on these motions was held on January 21, 2010.

## I. **Motion to Compel**

The court first turns to the defendants' Motion to Compel, doc. #60. The defendants seek an order compelling the plaintiffs to respond to certain discovery requests, as follows:

Request for Production #5: "All communications between you and North Haven Commons referring or relating to Lot 2 or 2A."

The defendants agreed at oral argument to limit the request to communications "referring or relating to environmental contamination and remediation of Lot 2 or 2A." Nonetheless, the plaintiffs object on the basis of relevance, overbreadth and burdensomeness.

The plaintiffs' relevance and overbreadth objections are

1

overruled.  The defendants' discovery request is reasonably calculated to lead to the discovery of admissible evidence, Fed. R. Civ. P. 26(b)(1), and the request has been narrowed to items pertaining to the environmental condition of the property at issue.

As to the plaintiffs' burdensomeness objection, "[a] party objecting to a discovery request on the grounds that the information sought is unduly burdensome must go beyond the familiar litany that requests are burdensome, oppressive or overly broad and submit affidavits or other evidence revealing the nature of the burden."  <u>Schiavone v. Northeast Utilities Serv. Co.</u>, NO. 3:08CV429(AWT)(DFM), 2009 U.S. Dist. LEXIS 24517, 5-6 (D. Conn. Mar. 25, 2009)(internal citation and quotation marks omitted).  The plaintiffs have not submitted any such evidence.

<u>Request for Production #6:</u> "All communications between you and any third party referring or relating to North Haven Commons."

Again, the defendants agreed at oral argument to limit the request to communications "referring or relating to environmental contamination and remediation of Lot 2 or 2A."  With that amendment, the motion is granted as to this request for the same reasons discussed in relation to Request #5.

<u>Request for Production #7:</u> "All agreements between you and North Haven Commons referring or relating to Lot 2 and 2A."

The defendants agreed at oral argument to limit the request to agreements "referring or relating to environmental contamination and remediation of Lot 2 or 2A." With that amendment, the motion is granted as to this request for the same reasons discussed in relation to Request #5.

<u>Request for Production #8:</u> "All drafts of agreements between you and North Haven Commons referring or relating to Lot 2 or 2A."

The defendants agreed at oral argument to limit the request to agreements "referring or relating to environmental contamination and remediation of Lot 2 or 2A." With that amendment, the motion is granted as to this request for the same reasons discussed in relation to Request #5.

<u>Request for Production #16:</u> "All indemnity agreements between you and any person relating to Lot 2 and Lot 2A."

In their papers, defendants noted that they had agreed to narrow the scope of this request to "agreements relating to the environmental condition and remediation of the Property." At oral argument, the defendants declined to so limit the request, arguing that a general indemnity agreement could in fact cover environmental issues even if it does not expressly mention environmental issues. However, only "agreements relating to the environmental condition and remediation of the Property" are relevant, and any general indemnification agreements that do cover environmental issues would still be responsive to the

3

narrower request.  The court therefore grants the defendants' motion as to the narrower request.

## II. Motion to Quash

The Motion to Quash is brought by Martin Gaffey, a non-party witness subpoenaed by the plaintiffs.[1]  Mr. Gaffey is a former employee of the defendants.  According to the plaintiffs, the defendants' designated 30(b)(6) witness was unable to testify as to how many transformers the defendants sent to the property between 1968 and 1978, an issue which the plaintiffs believe is central to their claims.  That witness mentioned Mr. Gaffey as a person who might have some information on this issue.

Mr. Gaffey moves to quash the subpoena *duces tecum* based on his poor health.  In support of his motion, he submits the affidavit of his primary care physician, who has treated him since 1998.  The affidavit states that Mr. Gaffey is 84 years old and, over the past few years, has suffered from dementia, brain injuries and skull fractures.  In December 2008, Mr. Gaffey suffered a serious skull fracture with internal bleeding and brain injury.  In early 2009, a CT scan revealed that he was suffering from a hydrocephalus with a subdural hematoma, causing him to suffer from slurred and stuttered speech.  In spring of 2009, Mr. Gaffey was supposed to undergo a 3-hour examination by

---

[1] Mr. Gaffey is represented by the same attorneys as the defendants.

a neuropsychologist, but he was only able to tolerate one hour of the examination.  He was also found to be unfit to drive an automobile and was found to have significant memory and comprehension issues.  In June 2009, Mr. Gaffey fell and fractured his third lumbar disc.  He was hospitalized for two weeks, followed by six weeks at an in-patient rehabilitation facility.  Not long ago, Mr. Gaffey was admitted to a rehabilitation center.  He suffers from post-stroke dementia, which will grow worse over time.  Mr. Gaffey also suffers from memory loss, repetitive statements, confusion and disorientation. His mental state is unreliable.  According to his physician, Mr. Gaffey is not physically or mentally capable of participating in a deposition.  In addition to his unreliable mental state, he is "susceptible to the suggestion of others."  Moreover, a deposition would emotionally overwhelm and traumatize Mr. Gaffey, threatening his health and undermining his rehabilitation.  It "will likely trigger a relapse or otherwise accelerate his symptoms."

At oral argument[2], Mr. Gaffey's attorney represented to the court that his client is currently at an Alzheimer's clinic. Counsel also noted that Mr. Gaffey's name was first disclosed to

---

[2]Also during oral argument, counsel for Mr. Gaffey agreed to obtain responsive documents from Mr. Gaffey's family, review the records for privilege, and disclose relevant non-privileged documents to the plaintiffs.

the plaintiffs several years ago.

The record is uncontroverted that Mr. Gaffey's fragile health could be endangered by a deposition, and also that he suffers from memory loss and is prone to suggestion.  The plaintiffs present no information to the contrary.  In light of the record before the court, Mr. Gaffey's Motion to Quash, doc. #71, is granted.

SO ORDERED at Hartford, Connecticut this 27th day of January, 2010.

```
_____/s/_____
Donna F. Martinez
United States Magistrate Judge
```